# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ROMUALDO VARGAS-SANCHEZ, #52334-079**      **PETITIONER**

**VERSUS**      **CIVIL ACTION NO. 5:09-cv-182-DCB-MTP**

**BRUCE PEARSON**      **RESPONDENT**

MEMORANDUM OPINION

On November 2, 2009, petitioner filed a request for habeas relief pursuant to 28 U.S.C. § 2241. On December 16, 2009, an order [3] was entered directing petitioner to file a written response, on or before January 6, 2010. Petitioner was warned in this court's order [3] of December 16, 2009, that failure to advise this court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Petitioner failed to comply with this order [3].

On January 25, 2010, this court entered an order [4] directing petitioner to show cause why this case should not be dismissed for his failure to comply with the court's order [3] of December 16, 2009. In addition, petitioner was directed to comply with this court's order [3] of December 16, 2009, on or before February 15, 2010. Petitioner was warned in this court's order [4] of January 25, 2010, that failure to advise this court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Petitioner failed to comply with this order [4].

On February 10, 2010, the envelope [5] containing this court's order [4] was returned by the postal service with the notation "return to sender". Petitioner has failed to keep this court informed of his current address.

Petitioner has failed to comply with two court orders and has not contacted this court since November 2, 2009.  This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See generally Link v. Wabash R.R., 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998);  McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

The court concludes that dismissal of this action for petitioner's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the respondent has not been called on to respond to petitioner's pleading, and the court has not considered the merits of petitioner's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

A final judgment in accordance with this memorandum opinion  will be entered.

SO ORDERED, this the 12th  day of March, 2010.

    s/David Bramlette
    UNITED STATES DISTRICT JUDGE